**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

**_____ DIVISION**

Case: 1:25−cv−03725 JURY DEMAND
Assigned To : Unassigned
Assign. Date : 10/20/2025
Description: Employ. Discrim. (H−DECK)

**Francisco J. Torres**                              )        Case No. _____

   Plaintiff                                        )

      **-v-**                                       )        Jury Trial - Yes

**Call2Recycle, Inc.**                              )

   Defendant                                        )

---

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

---

**I. The Parties to This Complaint**

**A.   The Plaintiff**

Francisco J. Torres ("Plaintiff"), residing and remotely working at 2708 Sherman Ave NW Apt 1, Washington, DC 20001, 520-395-7024, torres.j.francisco@gmail.com, files this Complaint against

**B.   The Defendant**

Call2Recycle, Inc. ("Defendant" or "Call2Recycle") a national nonprofit corporation headquartered at 3060 Mercer University Dr, Atlanta, Georgia, 678-218-4599.

---

**II. BASIS FOR JURISDICTION**

This action is brought for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to § 2000e-17. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the D.C. Human Rights Act, D.C. Code § 2-

**RECEIVED**

OCT 20 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

1401.01 et seq.

### III. STATEMENT OF CLAIM

1.  The discriminatory conduct of which I complain in this action includes termination of employment and retaliation.

2. It is my best recollection that the alleged discriminatory acts occurred on or around June 27, 2025 and after.

3. I believe the defendant is still committing these acts against me.

4. Defendant discriminated against me based on my national origin (Mexican American) and subjected retaliation for opposing unlawful employment practices.

5. The facts of my case are as follows.

6. Plaintiff began employment with Call2Recycle on February 10, 2025, as Director of Operations. He performed his duties competently.

7. Plaintiff executed and submitted all required background-screening authorizations, including Fair Credit Reporting Act (FCRA) disclosures, permitting Call2Recycle or its agents to conduct any consumer or investigative consumer reports necessary for employment. Despite possessing this authorization, Defendant elected to limit the background screening to employment and education verification, as confirmed by Defendant's Senior Director of Organizational Development in a February 5, 2025 email (See Exhibit D). Plaintiff's background check was completed successfully, and no adverse information was reported.

8.  On June 27, 2025, Plaintiff was abruptly terminated without

notice, explanation, or opportunity to address any alleged performance issues (See Exhibit C).

9.   Defendant, through statements made by or on behalf of management, asserted that Plaintiff was "not forthright in [my] application" (See Exhibit C). Plaintiff was never informed of the factual basis for this accusation but reasonably presumes it referred to an alleged failure to disclose his military court-martial. Because Defendant already possessed full authorization to conduct a complete background investigation and chose to verify only employment and education, any omission attributed to Plaintiff is unfounded and pretextual.

10.  Following the termination notice, Plaintiff made prompt, good-faith written objections to Call2Recycle management challenging the stated reason for discharge, requesting HR involvement, and opposing what he reasonably believed to be unfair and potentially unlawful practices. He continued to correspond through July 16, 2025 seeking transparency regarding the decision (See Exhibits D & E).

11. On information and belief, Plaintiff later learned, through Rule 49 discovery in the Arizona Family Court case involving his former spouse, that unredacted records from his military investigation had been improperly disseminated to the parties (Plaintiff and Ms. Torres). Those same records may have been among the materials received by Call2Recycle, raising concerns about how they were handled and used in connection with his employment and termination.

12.  Call2Recycle's failure to exercise due diligence in

verifying and safeguarding those materials compounded the harm to Plaintiff's reputation and standing in his profession.

13.  As a direct result of Defendant's acts and omissions, Plaintiff has suffered reputational injury, emotional distress, and economic loss.

**Claim I – Retaliation (Title VII and D.C. Human Rights Act)**

14.  Plaintiff realleges paragraphs 1 through 13.

15.  Immediately following notice of termination on June 27 2025, Plaintiff emailed Defendant's Senior Director of Organizational Development and Vice President of Operations to challenge the accuracy and fairness of the stated reason for discharge ("not forthright in [his] application"), requested Human Resources participation, and sought an opportunity to respond (See Exhibits C & E).

16.  Between June 27 and July 16 2025, Plaintiff sent additional written communications to Defendant's leadership and HR seeking transparency and clarification, raising concerns that unverified third-party or military-related information may have been used in the decision, and requesting disclosure of any such materials (See Exhibit E).

17.  These communications constituted protected opposition under Title VII § 704(a) and D.C. Code § 2-1402.61 because Plaintiff opposed what he reasonably and in good faith believed to be discriminatory and procedurally improper employment practices.

18.  Defendant retaliated against Plaintiff by finalizing and effectuating his termination and by refusing to reconsider or

investigate his objections once raised, despite knowledge of his protected activity.

19.  Defendant's stated reason for termination was pretextual. Plaintiff had authorized a comprehensive background investigation, yet Defendant limited its inquiry solely to education and employment verification and later faulted him for information it had elected not to verify (See Exhibit D). This inconsistency, together with the temporal proximity—less than one hour between protected opposition and the adverse action—supports a reasonable inference of retaliation.

20.  As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered lost wages, reputational injury, emotional distress, and other damages to be proven at trial.

**Claim II – Discrimination Based on National Origin (Title VII and D.C Human Rights Act)**

21.  Plaintiff realleges paragraphs 1 through 20.

22.  Plaintiff is a Mexican-American professional with a record of exemplary military service and transparent disclosure of his background.

23.  Defendant's termination decision relied, in whole or in part, on unverified assumptions concerning criminal or military-justice records, a criterion that disproportionately impacts Latino and other minority candidates and employees. Defendant failed to provide Plaintiff any individualized opportunity to explain or correct the information, contrary to Title VII enforcement guidance and D.C. Human Rights Act § 2-1402.11(a) (See Exhibit  D).

24.  By applying an unverified or selectively enforced background-screening standard that disparately and unjustifiably burdens Mexican-American employees, Defendant engaged in disparate-impact and disparate-treatment discrimination on the basis of national origin (See Exhibit D).

25.  Alternatively, Defendant's reliance on stereotypes equating Latino heritage with dishonesty or criminality constitutes intentional discrimination under both statutes.

26.  As a result, Plaintiff has suffered loss of employment, diminished professional standing, and compensable emotional and economic harm.

**Claim III – Wrongful Termination in Violation of Public Policy**

27.  Plaintiff realleges paragraphs 1 through 26.

28.  Defendant terminated Plaintiff for an asserted lack of 'forthrightness' where no disclosure was requested and no misrepresentation occurred, contravening well-established public policies against arbitrary, retaliatory, or pretextual discharge.

29.  Defendant's decision to terminate while simultaneously possessing, yet disregarding, Plaintiff's explicit background-check authorization further demonstrates the arbitrary and pretextual nature of the discharge.

**Claim IV – Defamation and Interference with Prospective Economic Advantage**

30.  Plaintiff realleges paragraphs 1 through 29.

31. On information and belief, Defendant made or caused false statements of fact about Plaintiff that diminished his standing

and interfered with prospective employment.

---

**IV.   EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES**

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on August 13, 2025 (See Exhibit A).

B.  The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter, which I received on August 28, 2025 (See Exhibit B).

---

**V. RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant and award:

a.  Back pay and benefits;

b.  Front pay or reinstatement;

c.  Compensatory and punitive damages;

d.  Costs and reasonable fees;

e.   Injunctive relief prohibiting further retaliation;

f.   Expungement of adverse entries predicated on the 'not forthright' rationale; and

g.  Any further relief the Court deems just and proper.

---

**VI. EXHIBITS INCORPORATED BY REFERENCE**

The following exhibits are attached and incorporated by reference as part of this Complaint:

Exhibit A – EEOC Charge No. 11B-2025-00359 (August 13, 2025);

Exhibit B – Notice of Right to Sue (August 28, 2025);

Exhibit C – Termination Email (June 27, 2025);

Exhibit D – Employment Application and Onboarding Materials (Condensed); and

Exhibit E - Post-Termination Opposition Emails (June 27–July 16 2025)

These exhibits are submitted solely to establish jurisdictional prerequisites and factual context regarding Plaintiff's employment and termination. Additional evidentiary materials may be filed as the case progresses or upon order of the Court.

---

## VI.  CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.  I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand

that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated: October 20, 2025

Francisco J. Torres

**LIST OF EXHIBITS**

The following exhibits are attached and incorporated by reference as part of this Complaint:

**Exhibit Description**

**A**      EEOC Charge No. 11B-2025-00359 (August 13, 2025)

**B**      Notice of Right to Sue (August 28, 2025)

**C**      Termination Email (June 27, 2025)

**D**      Employment Application and Onboarding Materials (Condensed)

**E**      Post-Termination Opposition Emails (June 27–July 16, 2025)

**F**      *Reserved – Not Filed*

---

Each exhibit is labeled and referenced in Section VI of the Complaint. Exhibits A–E are provided solely to establish jurisdictional prerequisites and factual context regarding Plaintiff's employment and termination.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**


Francisco J. Torres,　　　　　)

　　　Plaintiff,　　　　　　　)

　　　　　　　　　　　　　　　)

v.　　　　　　　　　　　　　　)　　　Civil Action No. _____

　　　　　　　　　　　　　　　)

Call2Recycle, Inc.,　　　　　)

　　　Defendant.　　　　　　　)

_____)


EXHIBIT A – EEOC CHARGE NO. 11B-2025-00359 (August 13, 2025)

PLAINTIFF'S
EXHIBIT

**A**

EEOC No. 11B-2025-00359 | FEPA No. 25-0819-EI

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| **CHARGE PRESENTED TO:** | **AGENCY CHARGE NO.** |
|---|---|
| EEOC | 11B-2025-00359 |
| Georgia Commission On Equal Opportunity | 25-0819-EI |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Francisco J. Torres

Phone No.: ▮▮▮▮▮▮
Year of Birth: ▮▮▮
Mailing Address: ▮▮▮▮▮▮▮▮
▮▮▮▮▮▮

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Call2Recycle, Inc.

No. Employees, Members: 15 - 100 Employees

Phone No.:

Mailing Address: ▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

DISCRIMINATION BASED ON:

National Origin, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 06/27/2025
Latest: 06/27/2025

THE PARTICULARS ARE:

I.I was hired by the above-named employer on February 10, 2025. My last position held was Director of Operations. During the week of June 23, 2025, I believe the above-named employer may have been influenced by third-party interference. The individual may have directed the employer to access confidential investigative records, publicly available but obscure military court documents, or other arrest-related materials that are incomplete or misleading when taken out of context. On June 27, 2025, the above-named employer conducted a short, virtual meeting without warning, where I was informed that I would be separated from the employer without any chance to respond and without any details. I was discharged on June 27, 2025.

II.The reason given for my discharge was that I was not forthright in my application.

III.I believe that I have been subjected to discrimination based on National Origin (Mexican American) and subjected retaliation for opposing unlawful employment practices in violation of Title VII of The Civil Rights Act of 1964 as amended.


PLAINTIFF'S EXHIBIT

**A**

EEOC No. 11B-2025-00359 | FEPA No. 25-0819-EI

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

08/13/2025

Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary_____

Printed Name _____

PLAINTIFF'S
EXHIBIT

A

...URE WITH **EEOC FORM 5 (06/24)**

## PRIVACY ACT STATEMENT

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (09/24).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

PLAINTIFF'S EXHIBIT A

# Charge of Discrimination(amended) - Francisco Torres_25-0819-EI

Final Audit Report                                        2025-08-13

| | |
|---|---|
| Created: | 2025-08-13 |
| By: | Leola Sykes (lsykes@gceo.state.ga.us) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA_fBWFrzK22lB_hd-0L_ljWyLNIDJ0QjW |

## "Charge of Discrimination(amended) - Francisco Torres_25-0819-EI" History

📄 Document created by Leola Sykes (lsykes@gceo.state.ga.us)
2025-08-13 - 3:14:38 PM GMT

✉️ Document emailed to Francisco Torres (torres.j.francisco@gmail.com) for signature
2025-08-13 - 3:14:43 PM GMT

📄 Email viewed by Francisco Torres (torres.j.francisco@gmail.com)
2025-08-13 - 3:15:16 PM GMT

✍️ Document e-signed by Francisco Torres (torres.j.francisco@gmail.com)
Signature Date: 2025-08-13 - 3:15:41 PM GMT - Time Source: server

✅ Agreement completed.
2025-08-13 - 3:15:41 PM GMT

📕 Adobe Acrobat Sign

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**


Francisco J. Torres,          )

     Plaintiff,             )

                          )

v.                            )      Civil Action No. _____

                          )

Call2Recycle, Inc.,           )

     Defendant.             )

_____)


EXHIBIT B – NOTICE OF RIGHT TO SUE (AUGUST 28, 2025)

**PLAINTIFF'S EXHIBIT B**



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Atlanta District Office**
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/28/2025

To: Francisco J. Torres

Charge No: 11B-2025-00359

EEOC Representative and email:   JANE SUK
S&LT COORDINATOR
JANE.SUK@EEOC.GOV

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 11B-2025-00359

On behalf of the Commission,

Digitally Signed By: Darrell E. Graham
08/28/2025
Darrell E. Graham
District Director

**PLAINTIFF'S EXHIBIT B**

Cc:
NA NA

John Koenig
Barnes & Thornburg

Elyssa Bailey
Call2Recycle, Inc.


Please retain this Notice for your records.

**PLAINTIFF'S EXHIBIT B**

ure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

ure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 11B-2025-00359 to the District Director at Darrell E. Graham, 100 Alabama Street, SW Suite 4R30, Atlanta, GA 30303.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 11B-2025-00359 to the District Director at Darrell E. Graham, 100 Alabama Street, SW Suite 4R30, Atlanta, GA 30303.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

Francisco J. Torres,          )

    Plaintiff,          )

                 )

v.                          )      Civil Action No. _____

                 )

Call2Recycle, Inc.,          )

    Defendant.          )

_____)


EXHIBIT C – TERMINATION EMAIL (JUNE 27, 2025)



 Gmail

**Francisco Torres** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## Notice of Employment Separation

**Elyssa Bailey** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮                                    Fri, Jun 27 at 09:39
To: Francisco Torres ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Dear  Francisco Torres,

Per our discussion, we are terminating your employment, effective immediately, June 27, 2025.

Attached is a **Separation and Release Agreement**, which outlines the terms of your separation. Please review the document carefully. You may wish to consult with a legal or financial advisor before signing.

Key information regarding your separation is summarized below:

- **Final Paycheck**: Your final paycheck, including any accrued and unused vacation time, will be issued on June 30, 2025 covering your earnings through your last day of employment 6/27/25.
- **Company Property**: All physical company property must be returned within four days of receipt of the shipped box provided by Call2Recycle. Please follow the instructions outlined by the IT department for certified shipping. Ensure all personal files are removed and that no company data remains outside of approved devices or systems.
- **Retirement Benefits**: If you were enrolled in the Call2Recycle 401(k) Plan, please refer to the attached *401(k) Offboarding Guide* for instructions on accessing your account, viewing your balance, and understanding your distribution and rollover options. A copy of the *Ascensus Distribution Request Form* is also included, should you choose to roll your assets out of the plan.
- **Life Insurance Conversion**: If you wish to convert your Mutual of Omaha life insurance policy to an individual policy, please review and complete the attached *Mutual of Omaha Life Insurance Conversion Form*. Instructions for submitting your application are provided on page 1 of the form.

If you have any questions or need further clarification, please feel free to contact me directly at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ or ▮▮▮▮▮▮▮▮▮▮.

PLAINTIFF'S
EXHIBIT

C

Thank you,





**Elyssa Bailey (She/Her)**

**Senior Director of Organizational Development & Innovation**

**Office:** ██████████

██████████████

call2recycle.org

*Leading the charge for recycling.*

For Internal Use Only

Call2Recycle- 401k Offboarding Guide.pdf, Ascensus Distribution Request Form.pdf, Mutual of Omaha_Life Conversion Form_2023.pdf, Call2Recycle - Separation Letter.pdf

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

Francisco J. Torres,            )

      Plaintiff,                )

                         )

v.                              )        Civil Action No. _____

                         )

Call2Recycle, Inc.,             )

      Defendant.                )

_____)


EXHIBIT D – EMPLOYMENT APPLICATION AND ONBOARDING MATERIALS (CONDENSED)


PLAINTIFF'S EXHIBIT D

**From:** Smartsheet Forms <forms@app.smartsheet.com>
**Sent:** Friday, December 20, 2024 12:55 PM
**To:**
**Subject:** Confirmation - Call2Recycle Application Submittals: Director Operations

# Call2Recycle, Inc.

Changing habits. Inspiring action.™

Thank you for submitting your application for this opportunity with Call2Recycle. A copy of your application is included below for your records.

Our goal is to attract and select the best candidates and give everyone a fair chance no matter their background. As part of that commitment, collecting anonymized data from our applicants helps us assess our outreach to a diverse candidate pool. If you can spare 2 minutes (or less!), we'd appreciate if you complete this voluntary self-identification survey. This survey does NOT collect your name and will NOT be associated with your application.
https://forms.office.com/r/7KLshT7pVD

We only look at statistics about whole groups, and use those to understand our progress. Thank you for helping our goal to make hiring as fair as possible.

We'll be in touch within the next three weeks if we'd like to meet you for an interview. Unfortunately, we won't have time to meet everyone. If we don't feel we're a match, you will receive a message when the position is filled.

Keep in touch on Instagram and LinkedIn!

## Call2Recycle Application Submittals: Director Operations

**What is your first and last name?** Francisco Torres

**What are your preferred pronouns?** He/him

**What is your email address?**

**What is your phone number?**

1

PLAINTIFF'S EXHIBIT D

| | |
|---|---|
| **Are you currently eligible to work in the United States of America?** | Yes |
| **Do you now or in the future require visa sponsorship to continue working in the United States?** | No |
| **Which qualification applies to you?** | Bachelor's degree in other field of study., Minimum of 7 years of on-the-job direct Operations Management experience, Other |
| **How was your field of study related to the role?** | Minor in Business Administration combined with job experience |
| **Degrees and Certificates** | Masters Degree, Bachelors Degree |
| **# of years of related professional experience:** | 15 |
| **How would you leverage your experience in operations and logistics to help contribute to Call2Recycle's delivering on its Purpose?** | My extensive experience in operations and logistics positions me to significantly contribute to Call2Recycle's mission. In my career, I've led large-scale, cross-functional teams, driving process improvements that enhanced efficiency and reduced costs. I have a proven track record of optimizing supply chains, managing vendor relationships, and ensuring compliance in highly regulated environments. My expertise in safety risk management, coupled with my ability to foster collaboration across departments, aligns perfectly with the operational and environmental goals of Call2Recycle. I'm passionate about applying data-driven strategies and innovative solutions to deliver measurable results and further your commitment to sustainability. |
| **How do you approach balancing cost control with** | I approach balancing cost control with high operational execution, regulatory compliance, and risk minimization by aligning each decision with the organization's strategic goals. I prioritize by assessing the potential impact of each objective, |

2

PLAINTIFF'S EXHIBIT D

| | |
|---|---|
| **maintaining high operational execution, complying with regulatory requirements, and minimizing risk? How do you prioritize these sometimes competing objectives in your decision-making process?** | focusing on minimizing risks and meeting compliance standards first, as they are foundational to sustainable operations. Once those are addressed, I optimize processes to control costs while maintaining or enhancing execution quality. Leveraging data-driven insights and cross-functional collaboration, I ensure that every decision supports both immediate operational needs and long-term organizational success. |
| **In a mission-driven organization like Call2Recycle, collaboration is vital. Please describe how you've successfully led cross-functional teams in the past to achieve ambitious goals, and how you would approach fostering collaboration in this role?** | In my career, I've successfully led cross-functional teams by fostering clear communication, aligning efforts with organizational objectives, and creating a shared sense of purpose. For example, I led initiatives that improved operational efficiency by 50% while driving cost savings through collaborative problem-solving and stakeholder engagement. I focus on building trust and encouraging open dialogue to ensure every team member feels valued and aligned with the mission. At Call2Recycle, I would leverage these strategies to unite teams, facilitate innovation, and drive ambitious goals, always keeping the organization's purpose and values at the forefront. |
| **How did you hear about this position?** | LinkedIn Jobs Posting |
| **Other Source?** | |

3

PLAINTIFF'S EXHIBIT D

**Space for you!** I thrive in mission-driven environments like Call2Recycle, where values such as collaboration, purpose, and innovation align with my professional and personal ethos. As a first-generation Mexican-American, I bring a diverse perspective and a strong commitment to community impact. My ability to navigate complex challenges with a data-driven and collaborative approach has consistently delivered results, and I'm eager to bring this mindset to help advance Call2Recycle's mission. I'm particularly passionate about contributing to environmental sustainability and look forward to making a meaningful impact with your team.

# File Attachments

📄 **Francisco-Torres-Cover-Letter.pdf**   (116k)

📄 **Francisco-Torres-Resume.pdf**   (98k)

PLAINTIFF'S
EXHIBIT
D

| | |
|---|---|
| **From:** | Francisco Torres ███████████████████ |
| **Sent:** | Tuesday, January 28, 2025 5:09 PM |
| **To:** | Eric Frederickson |
| **Subject:** | Re: Call2Recycle Offer Letter |
| **Attachments:** | image001.png; image002.png; image003.png; image004.png; image005.png; image006.png; Francisco Torres_Offer Letter_Signed.pdf; Call2Recycle - Confidentiality Agreement_Signed.pdf |

Hi Eric,

Thank you again for the opportunity to join Call2Recycle as the Director of Operations. I'm excited to contribute to the team's growth and success.

Attached, you'll find the signed offer letter and confidentiality agreement as requested. I've also completed and uploaded the Background Screening form via the provided secure link. I'm currently reviewing the separate IT email you sent.

Looking forward to the next steps!

Cheers,

Francisco

On Tue, Jan 28, 2025 at 3:56 PM Eric Frederickson ████████████████████████████████ wrote:

> Francisco,
>
>
> I'm very pleased to formally offer you the position of Director, Operations at Call2Recycle. I am excited about the role that you will play in our growth and success in the years to come!
>
>
> The details we discussed are in the attached offer letter. Please review, sign, and return as soon as possible so that we can move forward with the rest of the hiring and onboarding process.
>
> Hiring is contingent on completion of a successful background check. Please complete the attached Verification Request Document and upload it to the secure link here [F Torres].
>
> As also discussed, please review, sign and return the attached confidentiality agreement.
>
>
> Thank you so much!

1

PLAINTIFF'S EXHIBIT

D

Eric



**Eric Frederickson**
**Vice President, Operations**
**Office:** █████████

**Mobile:** ████████
████████████████

call2recycle.org

*Leading the charge for recycling.*

For Internal Use Only

2

**PLAINTIFF'S EXHIBIT D**

**Call2Recycle, Inc.**

Changing habits. Inspiring action.™

January 28, 2025

Francisco Torres

Delivered via email to ████████████████████

Dear Francisco:

On behalf of Call2Recycle, Inc., I am very pleased to extend an offer of employment to you for the position of Director, Operations. We look forward to having you join the team during an exciting time in the organization's history.

**Compensation.** Call2Recycle, Inc. extends the following compensation package to you:

a) Base salary: $155,000 annually, paid bi-monthly less any legal deductions.

b) Bonus incentive potential: up to 15% of annual salary (awarded based on a combination of assessed individual and organizational performance), paid annually and prorated based on actual salary earned during the year.

**Benefits.** Call2Recycle, Inc. offers the following benefits (please note all benefits are subject to the written plans and may be amended from time to time at Call2Recycle's sole discretion):

a) Holidays: 12 paid holidays, 3 floating holidays/personal days annually.

b) Vacation: Accrual adjusts with tenure, and starts at 10.00 hours per month, or three weeks per year.

c) Sick: Two weeks per year, accrued monthly, with maximum rollover as specified in the employee handbook.

d) Comprehensive benefits plan with eligibility beginning March 1, 2025, including:
   - Medical Coverage
   - Dental Coverage
   - Vision Coverage
   - Flexible Spending Plan (FSA) or Health Savings Account (HSA)
   - Basic Life Insurance at 1-2 times your annual base salary
   - Supplemental Life (and AD&D) insurance
   - Short-Term & Long-Term Disability Insurance
   - Paid Parental Leave
   - Pet Insurance Discount

e) A tax-deferred 401K-retirement program that is company funded at 3% of your salary with a



match up to 4% of base salary, for a maximum contribution from the organization of 7%.

f) A company computer will be provided, as well as reimbursement for up to $75/month in internet charges associated with conducting business on behalf of Call2Recycle.

g) A one-time reimbursement of up to $700 combined on the purchase of a home office desk and/or chair to serve telework needs.

h) Udemy for Business account - an extensive online learning platform that provides unlimited access to thousands of expert-led courses, supporting your continuous professional development and career growth.

i) Additional time off, wellness, education assistance and other professional development benefits as outlined in the Call2Recycle Employee Benefits overview document and Employee Handbook.

All benefits are subject to the written plans and may be amended from time to time at Call2Recycle's sole discretion.

**Health Insurance Start:** Call2Recycle by agreement will provide for health insurance coverage from the Start Date until you become eligible to enroll in the Call2Recycle group health plan either by reimbursing you for COBRA continuation coverage from your prior employer for a period of time not to exceed one month; or, by obtaining a waiver of any waiting period to enroll in the Call2Recycle group plan.

**Performance and Salary Review**.  You will be given a performance review on an annual basis, with quarterly check-ins at a minimum throughout the year. Salary increases are based on tenure, merit, and financial condition of the corporation.

**FLSA Classification.** This position is classified as <u>exempt</u> under the federal wage and hour laws. Therefore, you will not be eligible for overtime pay.  The Company will provide more details regarding your schedule.  However, it is anticipated that you will maintain a flexible schedule and typical hours may exceed 40 per work week without additional compensation.

**Employment Eligibility.**  This offer of employment is conditioned upon the receipt of proof of legal eligibility to work in the United States and satisfaction of all pre-employment background checks and similar requirements, including I-9 verification. This employer participates with E-Verify.

**Background Check**.  This job offer is contingent upon a satisfactory completion of a background check. You agree to complete the necessary forms to authorize the background check ahead of the first day of employment.

**Company Policies.**  You will be required to follow all employee policies and procedures as communicated from time to time.

**Employment At-Will.**  As is common with most employers, your employment with Call2Recycle, Inc. is "At-Will," meaning that both you and the Company have the right to terminate your employment at any time, with or without advance notice and with or without cause.  This offer letter is not a contract of employment or guarantee of continued employment for any specific period of time.  Your compensation, hours of employment, and all other terms and conditions of employment are subject to modification by the Company at its discretion.

**Business Ethics**.  Call2Recycle, Inc. requires all employees to observe the highest standards of business ethics in the conduct of their duties and responsibilities.  Obviously, you have worked in the industry for many years and we are glad to be able to utilize your demonstrated skills and talents.  In that regard, we are confident that your general skills, knowledge and abilities gained over the course of your career and business experiences are more than adequate to equip you for success in your role with Call2Recycle, Inc. without using or relying on any proprietary or trade secret information of any former employer.

As we have discussed, Call2Recycle, Inc. is not interested in obtaining any proprietary or trade secret information belonging to any former employer.  As such, we require as a condition of continued employment and you have committed to us that you will not provide or disclose to us, nor rely upon or utilize in the provision of services to us, any proprietary or trade secret information of any former employer.

As we hope you can understand, we take these issues very seriously and must rely on your strict adherence to these restrictions.  Any violation or misrepresentation by you in this regard will be grounds for immediate discharge and Call2Recycle, Inc. would reserve all rights to seek indemnification from you for any third party claims against Call2Recycle, Inc. related to any such violations.

**Confidentiality:**    As a condition prior to commencing employment, you will be required to enter into a Confidentiality and Non-Disclosure Agreement to protect confidential and proprietary information of Call2Recycle.  A copy of the Agreement is included and should be signed and returned with your acceptance of this offer.

**Acceptance:** A response is requested by 5 p.m. EST on Thursday, January 30, 2025. Employment will begin on Monday, February 10, 2025. If you accept this offer and the terms stated above, please sign below and return it to Call2Recycle, Inc. for our records.

We are confident that you will be a tremendous addition to the organization and look forward to working with you!

Sincerely,

*Eric R. Frederickson*

Eric Frederickson


Position: Director, Project Management Office


I have read and accept the terms of the employment offer for the Director, Project Management Office position with Call2Recycle.


_____          1/28/25_____
Signed                                                        Date



## CONFIDENTIALITY AND NONDISCLOSURE AGREEMENT

This CONFIDENTIALITY AND NONDISCLOSURE AGREEMENT (this **"Agreement"**), effective as of the date indicated by the signature at the end of this Agreement, is between **Call2Recycle, Inc.** (the **"Company"**) and the following employee, independent contractor or other recipient **(the "Recipient").**

## RECITALS

A.    WHEREAS, Company is a non-profit and operates the country's largest, most reliable battery recycling program.  On behalf of corporate stewards, Company optimizes collection, shares experience and responsibly manages the end-of-life of batteries and other material, along with the related back office financial, accounting, marketing, and other support functions (**"Company's Business"**); and

B.    WHEREAS, Company desires to engage Recipient as an at-will employee, consultant, independent contractor or similar arrangement; and

C.    WHEREAS, Company further desires to protect itself from unfair competition from Recipient during and after their employment or engagement with Company and to protect the confidentiality of Company's proprietary information and prevent such information from being disclosed to others.

D.    NOW, THEREFORE, in consideration of the promises and the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

## AGREEMENT

In consideration of the premises and the mutual covenants and the agreements herein set forth, and other good and valuable consideration, including but not limited to the Company entering into an engagement with the Recipient, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound, hereby agree as follows:

1.    **Definitions.**

   a. "**Confidential Information**" means all confidential, nonpublic, or proprietary information, whether existing or disclosed in oral, written, graphic or electronic form, and whether or not such information is labeled as confidential by the Company, regarding the Company's Business, including but not limited to:  (a) any information that would be considered a Trade Secret as that phrase is defined by applicable law; (b) information relating to any of Company's existing products or services or products or services under development that is not readily available to the competition and therefore gives Company a competitive advantage in the marketplace; (c) business information, such as the financial terms and conditions of Company's dealings with customers, industry members, vendors, owners or related entities; (d) confidential customer or prospect lists; (e) costs and profit margins; (f) confidential marketing and advertising programs; (g) financial information; (h) sales performance and strategies; (i)  human resources strategies; (j) merger and/or acquisition plans; (k) proprietary software, programs, source code and object code; (l)



inventions, processes, designs, drawings, engineering, hardware configuration information, information concerning or resulting from the Company's research and development projects; (m) unpatented inventions, technology, ideas, methods and discoveries, know-how, negative know-how, show-how, unpublished patent applications and other confidential intellectual property; (n) analyses, compilations, reports, forecasts, studies, samples, data, statistics, summaries, interpretations, and (o) other materials prepared by or for Recipient that contain, are based on, or otherwise reflect or are derived, in whole or in part, from any of the foregoing. Confidential Information also includes all Personal Information.

b. "**Personal Information**" means any information of any of Company's owners, employees, affiliates, vendors, service providers, customers, industry members to the extent such information contains personal or financial information relating to an identifiable individual which may fall under the definition of "protected health information" under the Health Insurance Portability and Accountability Act (HIPAA), HITECH Act, Gramm-Leach-Bliley Act, PCI (Payment Card Industry Security Standards Council) rules, or other law or regulation or other applicable standards (as currently exists or as amended or instituted hereafter).

c. "**Proprietary Information**" means, together, Confidential Information and Trade Secrets.

2. **Exclusions to Confidential Information.** The obligation of confidentiality with respect to Confidential Information will not apply to any information:

a. If the information is or becomes publicly known and available other than as a result of prior unauthorized disclosure by the Recipient;

b. If the information is or was received by the Recipient from a third-party source which is or was not under a confidentiality obligation to the Company with regard to such information;

c. If the information is disclosed by the Recipient with the Company's prior written permission and approval; or

d. If the information is independently developed by the Recipient prior to disclosure by the Company and without the use and benefit of any of the Company's Confidential Information.

3. **Obligations to Maintain Confidentiality.**

a. The Recipient agrees not to use any Proprietary Information disclosed to Recipient by the Company for Recipient's own use or for any purpose whatsoever except in furtherance of the Company's Business.

b. The above-referenced obligation specifically prohibits Recipient from emailing Company Proprietary Information to Recipient's personal email address(es), downloading Company Proprietary Information to portable storage devices, or otherwise removing Company Proprietary Information outside of the Company's internal computer platforms except for circumstances where there is a good faith, bona fide reason to do so in direct furtherance of Company's Business; only so long as the Recipient takes commercially reasonable steps



to protect that Proprietary Information from unintentional disclosure; and, Recipient follows all other provisions of this Agreement regarding return of property.

c.  Recipient shall not disclose any Proprietary Information of the Company to third parties except those directors, officers, employees, consultants and agents who are specifically required to have the information in order to carry out the Company's Business. However, before making such disclosures, Recipient must have made inquiry to determine whether those directors, officers, employees, consultants and agents to whom Proprietary Information of the Company is disclosed have signed a similar nondisclosure agreement in content substantially similar to this Agreement.

d.  Recipient agrees that Recipient will take all reasonable measures to protect the secrecy of and avoid disclosure or use of Proprietary Information of the Company in order to prevent it from falling into the public domain or the possession of persons other than those persons authorized hereunder to have any such information, which measures shall include the highest degree of care using commercially reasonable efforts.

e.  Recipient agrees to notify the Company immediately in writing of any improper disclosure, misuse or misappropriation of such Proprietary Information of the Company which may come to Recipient's attention. The Recipient shall comply with all Company rules and procedures, and applicable laws and regulations regarding the Recipient's receipt, use, storage, and, as permitted, transmission or transfer of Proprietary Information.

f.  Recipient further has an affirmative duty to contact Company if Recipient has any questions regarding whether or not particular information or conduct would be restricted by this Agreement.

4.  **Third Party Information.**  Recipient acknowledges that Company may receive confidential or proprietary information belonging to owners, vendors, industry members, customers, or other third parties subject to Company's duty to not disclose said information.  Accordingly, Recipient hereby agrees that s/he shall not, either during employment or engagement with Company or at any time thereafter, disclose to anyone (except as authorized by Company in the furtherance of the Company's Business), publish, or use in competition with Company, any such third party confidential and proprietary information.

5.  **Duration of Obligations of Confidentiality.** The confidentiality obligations in this Agreement shall survive any expiration or termination of Recipient's employment or engagement with Company, as follows: (a) with respect to Confidential Information, shall continue for a period of three (3) years, (b) with respect to Trade Secrets, shall continue for so long as the information is considered by the holder of the Trade Secret to be a Trade Secret and for so long as there has been no determination by a court of law of no further appeal that the trade secret status of the information has been lost, and (c) with respect to any Personal Information, shall continue forever.

6.  **Return of Property.**  Recipient agrees to return to Company on or before the termination of Recipient's employment/engagement with Company, or immediately upon demand from Company: all Company information and documents, including and without limitation, all Proprietary Information, pricing information, advertising information, quotations, customer lists, files, memoranda, records, software, credit cards, door and file keys, computer access



codes or discs, written financial information, business plans, or other physical or personal property which Recipient received or prepared in connection with Recipient's services to Company, as well as all confidential and proprietary information, and Recipient acknowledges that Recipient has not retained and will not retain any copies, duplicates, reproductions or excerpts thereof.

7. **Compelled Disclosure.** Notwithstanding anything herein to the contrary, if Recipient is required to disclose any Proprietary Information pursuant to any applicable law, rule or regulation or a subpoena, court order, similar judicial process, regulatory agency or stock exchange rule, the Recipient will, if not prohibited by law or regulation, promptly notify the Company of any such requirement so that the Company, at its sole cost and expense, may seek an appropriate motion to quash, protective order or waive compliance with the provisions of this Agreement. If such order is not obtained, or the Company waives compliance with the provisions of this Agreement in writing, Recipient will disclose only that portion of the Proprietary Information which is legally required to be disclosed. Recipient may also disclose Confidential Material without any notice to any regulatory authority, including any self-regulatory authority, in connection with any routine examination, investigation, regulatory sweep or other regulatory inquiry not specifically targeted to the Disclosing Party.

8. **Required Legal Disclosure.** Pursuant to federal statute, employers can seek to recover enhanced damages from employees who engage in willful and malicious misappropriation of company trade secrets, including double damages, and attorney's fees. That statute requires the following legal disclaimer:

   a. Immunity from Liability for Confidential Disclosure of a Trade Secret to the Government or in a Court Filing:

   b. Immunity – An individual shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that (A) is made in confidence to a federal, state or local government official, either directly or indirectly, or to an attorney; and solely for the purpose of reporting or investigating a suspected violation of law; or (B) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal.

   c. Use of Trade Secret Information in Anti-Retaliation Lawsuit – An individual who files a lawsuit for retaliation by an employer for reporting a suspected violation of law may disclose the trade secret to the attorney of the individual and use the trade secret information in the court proceeding, if the individual – (A) files any document containing the trade secret under seal; and (B) does not disclose the trade secret, except pursuant to court order.

9. **Independent Obligations.** Recipient's obligations under this Agreement shall be construed as independent of any other provision of written agreements or obligations between Company and Recipient such that the existence of any alleged claim or cause of action by Recipient against Company shall not constitute a defense to the enforcement by Company of the provisions of this Agreement.

10. **Injunction and Damages.** In the event of a breach of any provisions of this Agreement, Recipient acknowledges that Company will not have an adequate remedy at law and therefore

4



shall be entitled to injunctive relief, in addition to damages, for the breach thereof.  In addition, Recipient shall be required to pay Company's reasonable attorney's fees and costs incurred in the enforcement of said provisions.

11. **Waiver of Breach.**  The waiver by Company of a breach of any provision of this Agreement by Recipient shall not operate or be construed as a waiver of any subsequent breach by Recipient.

12. **Assignment.**  The rights and obligations of Company under this Agreement shall inure to the benefit of, and shall be binding upon the successors and assigns of Company.  By this Section, Recipient expressly consents to Company's right to assign this agreement.  This Agreement cannot be assigned by Recipient.

13. **Severability.**  In the event any provision of this Agreement shall be determined by a court of competent jurisdiction to be unenforceable, the court shall limit the application of any such term, provision or covenant, or modify such term, provision or covenant and proceed to enforce those terms as so limited or modified.

14. **Choice of Law and Forum.**  This Agreement shall be interpreted, construed, and governed by the laws of the State of Georgia, regardless of its place of execution or performance.  Any cause of action arising between the parties regarding this Agreement shall be brought only in a court having jurisdiction over Company in Cobb County, Georgia.  Recipient, by this section, hereby waives any entitlement Recipient might otherwise have to a transfer of venue under the preferred venue requirements of the Georgia Rules of Trial Procedure or other similar rules in the Federal Rules of Civil Procedure.

15. **Waiver of Jury Trial.**  BOTH COMPANY AND RECIPIENT HEREBY WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY LAWSUIT, PROCEEDING OR ACTION TO ENFORCE OR DEFEND ANY RIGHT UNDER THIS AGREEMENT OR ANY AMENDMENT, INSTRUMENT, DOCUMENT OR AGREEMENT DELIVERED OR TO BE DELIVERED IN CONNECTION WITH THIS AGREEMENT AND AGREE THAT ANY LAWSUIT, PROCEEDING OR ACTION WILL BE TRIED BEFORE A COURT AND NOT BEFORE A JURY.

16. **Entire Agreement and Amendment.**  Except as otherwise provided for herein, this Agreement represents the entire agreement between the parties with respect to the subject matter hereof and replaces all earlier oral or written communications or representations.  This Agreement may be modified only in writing by a duly authorized officer of Company.

17. **Counterparts.** This Agreement may be executed simultaneously in one or more counterparts, and by different parties hereto in separate counterparts, each of which when executed will be deemed an original, but all of which taken together will constitute one and the same instrument.

[SIGNATURES APPEAR ON NEXT PAGE]

5


PLAINTIFF'S EXHIBIT D

IN WITNESS WHEREOF, the parties hereby represent that they have carefully read and reviewed the foregoing Agreement, acknowledge its contents, and agree to be bound by the terms and conditions set forth herein.  The parties acknowledge that they have voluntarily entered into this Agreement and caused this Agreement to be executed on the day, month and year first above written.

**For the Company**:

Elyssa Bailey
Company Representative Printed Name

*Elyssa Bailey*
Company Representative Signature

Call2Recycle, Inc.
1000 Parkwood Circle, Suite 200, Atlanta, GA 30339

**Recipient**:

Francisco Torres
Recipient Printed Name

Recipient Signature

Recipient Address, City State, Zip

1/28/25
Date

6

**PLAINTIFF'S EXHIBIT D**

DHR Background Screening Form - 1



## Background Screening Information Form

### Personal Information

| First Name: Francisco | Middle Name: Javier | Last Name: Torres |
|---|---|---|

| Maiden Name/Other Names Used: N/A | Date Last Used: N/A |
|---|---|

| Email Address: ▉ | |
|---|---|

| Social Security Number: ▉ | Date of Birth: ▉ | Sex: ■ Male ☐ Female |
|---|---|---|

| Drivers License Number: ▉ | State: Arizona | |
|---|---|---|

**All addresses for the last SEVEN years:** (List addresses beginning with the most recent)

| # | Street | City | County | State | Zip | Years: From – To |
|---|---|---|---|---|---|---|
| 1. | ▉ | Fort Washington | Prince Georges | MD | 20744 | 2022 - Present |
| 2. | ▉ | Florence | Burlington | NJ | 08518 | 2020-2022 |
| 3. | ▉ | APO | - | AP | 96266 | 2019-2020 |
| 4. | ▉ | Cannon Air Force Base | Curry | NM | 88101 | 2018-2019 |
| 5. | ▉ | Clovis | Curry | NM | 88101 | 2016-2018 |
| 6. | | | | | | |
| 7. | | | | | | |

**5-Year Employment History:** (List all employers, beginning with most recent employer)

| | |
|---|---|
| Employment Dates (Month/Year) From: 06/2009 To: 10/2024 | |
| Company Name: United States Air Force | |
| Phone: ▉ | |
| Address: ▉ | City: McGuire Air Force Base |
| State: New Jersey | Zip: 08641 |
| Job Title(s): Intelligence Officer | Supervisor Name: Justin Recklau |
| Reason for Leaving: | Consent to contact? **Y** N |

| | |
|---|---|
| Employment Dates (Month/Year) From: To: | |
| Company Name: | |
| Phone: | |

**PLAINTIFF'S EXHIBIT D**

DHR Background Screening Form - 2

Address:_____City:_____
State:_____Zip:_____

Job Title(s):_____Supervisor Name
_____

Reason for
Leaving:                                              Consent to contact? **Y N**

---

Employment Dates (Month/Year    From:_____To:_____

Company Name:_____
Phone:_____

Address:_____City:_____
State:_____Zip:_____

Job Title(s):_____Supervisor Name
_____

Reason for
Leaving:                                              Consent to contact? **Y N**

---

Employment Dates (Month/Year    From:_____To:_____

Company Name:_____
Phone:_____

Address:_____City:_____
State:_____Zip:_____

Job Title(s):_____Supervisor Name
_____

Reason for
Leaving:                                         Consent to contact? **Y N**

**Education History:**

| School Name and Location | From (mo/yr) | To (mo/yr) | GPA/Class Standing | Major | Type of Degree | Date Degree Obtained or to be Obtained |
|---|---|---|---|---|---|---|
| 1. Air University Montgomery, AL | 5/21 | 12/22 | 3.81 | Military Op Art/Sci | Masters | 12/22 |
| 2. University of Arizona Tucson, AZ | 8/06 | 5/09 | 2.511 | PoliSci | Bachelors | 5/09 |

### Authorization to Release Information and Records

I, Francisco Torres _____, hereby authorize *Choice Screening* and/or their agent to conduct an appropriate background investigation of my former employment, education, credit files, and criminal records for determination of my eligibility for employment. I authorize all persons who may have information relevant to this investigation to disclose it to *Choice Screening* and/or their agent. I release and agree to hold harmless all persons providing such information and *Choice Screening.,* its officers, directors, employees and agents from liability on account of such disclosure. I hereby further authorize that a photocopy of this authorization may be considered as valid as the original.

These investigations might include, but are not limited to, searches of educational institutions attended; state driving records; financial or credit institutions, including records of loans; records of commercial or retail credit agencies; other financial statements; records of previous employment, including work history, efficiency ratings, complaints and grievances filed by or against me; records and recollections of attorney-at-law or of other counsel, whether representing me or any other person (in either a civil or criminal case in which I have been involved); records from the U.S. Veterans' Administration; criminal history information or files in local, state or federal agencies; and motor vehicle records, and following an employment offer, workers' compensation reports from either the Department of Labor, National Personnel


PLAINTIFF'S
EXHIBIT
D

Records or the Industrial Commission or similar agencies under the provisions of the Fair Credit Reporting Act 14, USC section 1681 et seq. I also authorize the National Personnel Records Center, or other custodian of my military service record, to release to Choice Screening, the following information and/or copies of documents from my military service record: 00214, service record, and any disciplinary records.

I understand that these searches may be used to determine work assignment, or employment eligibility. Therefore, I authorize and consent for full release of records (either orally or in writing) to the authorized representatives of the company. In addition, I release and discharge the company and its agent and associates to the full extent permitted by law from any claims, damages, losses, liabilities, costs expenses or any other charge or complaint filed with any agency arising from retrieving and reporting this information. I understand that according to the Federal Fair Credit Reporting Act, I am entitled to know whether employment was denied based upon the information obtained and to receive, upon written request, a disclosure of the background report. I also understand that I may request a copy of the report from Choice Screening 600 Grant Street, Suite 700, Denver, CO 80203 at telephone number (720) 974-7882. After reading this document, I fully understand its contents and authorize the background verification.

I understand that California law required Company to give me a copy of any report requested within seven (7) days of the date the information was obtained and that failure to do so will expose Company to liability (Section 1786.29).

I hereby certify that all information provided in this authorization is true, correct and complete.

Signature

Digitally signed by
dd7d6190-0148-48c5-9f4f-
ad45e90e1a86
Date: 2025.01.28 17:04:03 -05'00'

Signature Date 1/28/25


PLAINTIFF'S EXHIBIT D

## DISCLOSURE AND AUTHORIZATION FOR BACKGROUND REPORTS

### Fair Credit Reporting Act Disclosure of Consumer Report

_____Dynamic HR____    _____,   including   its   parents,   subsidiaries,   affiliates,   agents and   for ("COMPANY") employment may obtain purposes. This consumer may be in the form of you consumer report and/or an "investigative consumer report." Consumer Reports may include information regarding your credit history, criminal history, identity verification, motor vehicle records ("driving records"), verification of your education or employment history, worker's compensation injuries, or other background checks. The information contained in the report will be obtained from private and/or public record sources, including sources reported by you in your job application, or through interviews with your past or present coworkers, current or former employers, educational institutions, or other contacts.

PAGE 1



# DISCLOSURE AND AUTHORIZATION FOR BACKGROUND REPORTS

## **Fair Credit Reporting Act Disclosure of Investigative Reports**

_____                              Dynamic HR _____, including its parents, subsidiaries, affiliates, and agents ("COMPANY")     may     obtain     an     investigative     report     on you     for __employment_____, purposes. An investigative consumer report includes information as to your character, general reputation, personal characteristics and mode of living. The information contained in the report will be obtained from private and/or public record sources, including  sources reported by you in your job application, or through interviews with your past or present coworkers, current or former employers, educational institutions, or other contacts. You have the right, upon written request made within a reasonable time after receipt of this notice, to request disclosure of the nature and scope of any investigative consumer report from the company.



**PLAINTIFF'S EXHIBIT D**

## Authorization

**USA Applicants Only**: I acknowledge receipt of the attached A SUMMARY OF YOUR RIGHTS UNDER THE FAIR CREDIT REPORTING ACT as well as any applicable state or local notices of rights provided with these documents and certify that I have read and understand the documents.

**Applicants with Personal Data from Outside the USA only**: I acknowledge receipt of the attached DATA PRIVACY NOTICE and certify that I have read and understand the document.

I hereby authorize the COMPANY or its authorized agents, for _____employment_____, purposes, to obtain or prepare consumer report(s) and investigative consumer report(s) at any time after the COMPANY receives this authorization, including any time that I may be employed by or in contract with the COMPANY. Credit history will only be requested if such information is substantially related to the duties and responsibilities of the permissible purpose for retaining the report.

I hereby authorize law enforcement agencies, public and private schools, federal, state and local agencies and courts, credit bureaus, information bureaus, current and former employers, financial institutions, licensing agencies, governmental agencies, the military, and other individuals and entities to provide any and all information that is requested by CHOICE SCREENING, 8668 Concord Center Dr., Englewood, CO 80112, 1-877-929-7878, or other consumer reporting agencies or the COMPANY. In accordance with the host nation's laws and the laws applicable to me depending on my location regarding the release of information, I authorize the release and transmittal of information from any country to the above listed parties, the clients, and/or their agents or vendors located in any country, including countries outside the European Union that may have a different level of data protection or inadequate data protection laws as defined by the European Commission. I agree that a facsimile ("fax"), electronic or photographic copy of this Authorization shall be as valid as the original.

**Applicant/Employee Name (Printed):** Francisco Torres

**Applicant/Employee Signature:** _____ **Date:** 2/4/25

**PLAINTIFF'S EXHIBIT D**

| | |
|---|---|
| **From:** | Francisco Torres |
| **Sent:** | Wednesday, February 5, 2025 9:00 AM |
| **To:** | Elyssa Bailey |
| **Subject:** | Re: Introduction & Onboarding Next Steps |

Awesome - thank you so much for your quick response.

Francisco

On Wed, Feb 5, 2025 at 08:58 Elyssa Bailey ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ wrote:

Hi Francisco,

Of course! For your role, the only checks run are for education and employment verification.

Thanks!

**Elyssa Bailey (She/Her)**

Senior Director of Organizational Development & Innovation

**Office:** ▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮

call2recycle.org





*Leading the charge for recycling.*



1



For Internal Use Only

From: Francisco Torres ███████████████████
Sent: Tuesday, February 4, 2025 5:11 PM
To: Elyssa Bailey ████████████████
Subject: Re: Introduction & Onboarding Next Steps

Of course! I wanted to follow up and formally request disclosure of the nature and scope of any investigative consumer report conducted as part of my background check. Please let me know the process for obtaining this information or if there's anything further I need to do on my end.

Thank you for your time, and I appreciate your support!

Cheers,

Francisco

On Tue, Feb 4, 2025 at 4:20 PM Elyssa Bailey ███████████████████████ wrote:

Awesome- thanks so much for the quick response!



**Elyssa Bailey (She/Her)**

Senior Director of Organizational Development & Innovation

Office: ███████████
████████████████

call2recycle.org



*Leading the charge for recycling.*

2





For Internal Use Only

**From:** Francisco Torres ██████████████████
**Sent:** Tuesday, February 4, 2025 4:05 PM
**To:** Elyssa Bailey ████████████████
**Subject:** Re: Introduction & Onboarding Next Steps

I signed the form. Let me know if this works.

Thanks,

Francisco

On Tue, Feb 4, 2025 at 3:18 PM Elyssa Bailey ████████████████████ wrote:

Hi again!

Actually one additional ask did come up.  To check one of your educational references, they request the following form be signed. I know page 1 is a bit messy, but you can see how it looks page 2- I was advised to try this version!  Can you please review and sign and send back to me?

Thanks!

**Elyssa Bailey (She/Her)**

3

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**


Francisco J. Torres,           )

     Plaintiff,            )

                        )

v.                             )        Civil Action No. _____

                        )

Call2Recycle, Inc.,            )

     Defendant.            )

_____)


EXHIBIT E – POST-TERMINATION OPPOSITION EMAILS (JUNE 27–JULY 16, 2025)

**PLAINTIFF'S EXHIBIT E**

---

| | |
|---|---|
| **From:** | Francisco Torres ██████████████████ |
| **Sent:** | Friday, June 27, 2025 11:53 AM |
| **To:** | Elyssa Bailey; Eric Frederickson |
| **Subject:** | Re: Notice of Employment Separation |

Dear Elyssa and Eric,

I'm following up on my earlier email (sent at 10:20 AM) requesting clarification on the basis of my termination and the company's classification of this as a "Voluntary Separation." I would appreciate clarity on this discrepancy as I did not resign or otherwise initiate the separation.

I would like to ensure there is a clear and accurate record of the nature of this action, and also ask for the opportunity to address any concern about being "not forthright in [my] application."

Please let me know a time that would be convenient for a follow-up call with HR present.

Respectfully,

Francisco Torres

On Fri, Jun 27, 2025 at 10:20 Francisco Torres ████████████████████████ wrote:

> Dear Elyssa and Eric,
>
> I appreciate you taking the time to speak with me this morning. I acknowledge that the call was quite unexpected, and I apologize if my reaction came off as unprepared.
>
> I would appreciate the opportunity to ask some follow-up questions and better understand the rationale behind the statement that I "was not forthright in [my] application." I want to ensure I fully understand the nature of the concern and, if appropriate, provide any relevant context or clarification.
>
> I'd also like to better understand how this impacts my benefits and status moving forward.
>
> Thank you again for your time and I look forward to hearing from you.
>
> Respectfully,
>
> Francisco Torres
>
> On Fri, Jun 27, 2025 at 09:39 Elyssa Bailey ████████████████████████ wrote:
>
>> Dear  Francisco Torres,

1



Per our discussion, we are terminating your employment, effective immediately, June 27, 2025.

Attached is a **Separation and Release Agreement**, which outlines the terms of your separation. Please review the document carefully. You may wish to consult with a legal or financial advisor before signing.

Key information regarding your separation is summarized below:

- **Final Paycheck**: Your final paycheck, including any accrued and unused vacation time, will be issued on June 30, 2025 covering your earnings through your last day of employment 6/27/25.
- **Company Property**: All physical company property must be returned within four days of receipt of the shipped box provided by Call2Recycle. Please follow the instructions outlined by the IT department for certified shipping. Ensure all personal files are removed and that no company data remains outside of approved devices or systems.
- **Retirement Benefits**: If you were enrolled in the Call2Recycle 401(k) Plan, please refer to the attached *401(k) Offboarding Guide* for instructions on accessing your account, viewing your balance, and understanding your distribution and rollover options. A copy of the *Ascensus Distribution Request Form* is also included, should you choose to roll your assets out of the plan.
- **Life Insurance Conversion**: If you wish to convert your Mutual of Omaha life insurance policy to an individual policy, please review and complete the attached *Mutual of Omaha Life Insurance Conversion Form*. Instructions for submitting your application are provided on page 1 of the form.

If you have any questions or need further clarification, please feel free to contact me directly at
▮▮▮▮▮▮▮▮▮▮ or ▮▮▮▮▮▮▮ .

Thank you,



**Elyssa Bailey (She/Her)**

**Senior Director of Organizational Development & Innovation**

**Office:** ▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮

[call2recycle.org](call2recycle.org)

2



| | |
|---|---|
| **From:** | Francisco Torres |
| **Sent:** | Tuesday, July 1, 2025 9:01 AM |
| **To:** | Elyssa Bailey |
| **Cc:** | Eric Frederickson |
| **Subject:** | Follow-Up Regarding Separation |

Hi Elyssa,

Thank you for sending the corrected separation letter through Lisa—I appreciate the clarification that the separation is being categorized as involuntary.

While I understand that the decision has been finalized, I wanted to follow up on the broader questions I raised in my earlier messages. During the hiring process, I shared that I was transitioning from active duty military service following a contentious divorce that made my continued service untenable. At the time, I believed that level of transparency was sufficient given the circumstances and the fact that the matter had been addressed through military legal channels.

I now suspect that third-party information may have reached the company, possibly without full context. If that did influence the decision, I wish I had been given the opportunity to respond. I want to emphasize that I acted in good faith throughout the process and would have welcomed the chance to provide any clarification if asked.

I remain grateful for the opportunity to contribute to Call2Recycle, and I would appreciate any insights you're able to share about the circumstances surrounding the decision. I've included Eric here as well since he was present during the call.

Cheers,

Francisco Torres



----- Forwarded Message from LinkedIn -----

Forwarded from Francisco Torres
([https://www.linkedin.com/in/ACoAADtn00YBPhBxJCTFOBLee4tfXNrvhuewQow](https://www.linkedin.com/in/ACoAADtn00YBPhBxJCTFOBLee4tfXNrvhuewQow)) July 2, 3:00PM:

Hi Eric,

I hope you're doing well. I just wanted to follow up on the notes I've sent. I appreciated working with you & the team and would still welcome any clarity you're able to share regarding the decision.

If there's any indication that third-party information—especially anything related to my prior military service or personal circumstances—played a role, I'd be grateful to understand whether anything was shared externally and considered without the chance for clarification. If that's the case, I may need to explore ways to protect myself moving forward.

I'm not trying to reopen the decision—I just want to understand it more fully and appreciate any insight you're in a position to offer.

"Tanks" again.

1



**PLAINTIFF'S EXHIBIT E**

| | |
|---|---|
| **From:** | Francisco Torres ███████████████ |
| **Sent:** | Wednesday, July 2, 2025 6:09 PM |
| **To:** | Lisa Fleming |
| **Cc:** | Elyssa Bailey |
| **Subject:** | Clarification Regarding Background Information |

Dear Lisa,

Thank you again for sending the corrected separation on Monday. I wanted to follow up with one final clarification request in Elyssa's absence.

I recently obtained a copy of the background report that was run on me during the hiring process. The report was clean—no adverse information or records were found. Given that, I wanted to ask whether any other background screening was conducted separately, or whether any third-party information outside of that report played a role in the decision to terminate my employment.

If such information was shared with the company—especially anything relating to my prior military service or personal legal matters—I would sincerely appreciate the opportunity to understand what was received and whether it came from outside the organization. If a third party was involved, having clarity would help me explore the appropriate next steps to protect myself and my professional reputation.

Please don't take this as an effort to dispute the company's decision. I'm simply looking to understand the basis for it, particularly in light of the information I've received.

Respectfully,

Francisco Torres



**From:**          Francisco Torres ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Sent:**          Wednesday, July 16, 2025 1:52 PM
**To:**            Elyssa Bailey
**Subject:**       Follow-Up Request for Clarification Regarding Termination

Elyssa,

I'm writing to follow up once more on my June 27 separation from Call2Recycle, which was presented as an involuntary termination due to a concern that I "was not forthright in [my] application." To date, I have not received any specific clarification regarding what information was believed to be inaccurate, nor any opportunity to respond or provide context.

I have reason to believe that information may have been submitted to the company by a third party without my knowledge or consent, and that this information may have influenced the decision to terminate my employment. If that is the case, I would respectfully request the opportunity to review any such documentation or correspondence. This request is made in good faith, as any such records are likely to be relevant to both an ongoing family court proceeding in Arizona and a potential civil matter concerning third-party interference with employment.

To be clear, this is not a demand but a sincere effort to clarify the basis of a decision that has had material professional and personal impact. I remain proud of the work I contributed at Call2Recycle and appreciative of the colleagues I had the opportunity to work with, including you.

Please let me know if you are able to provide any clarification or documentation relevant to this matter.

Sincerely,

Francisco Torres

1